IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| COLLABO INNOVATIONS, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC., both Delaware Corporations,<br><br>    Defendants. | CIVIL ACTION NO. 6:24-cv-00472-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC.'S ANSWER TO COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm" or "Defendants"), by their undersigned attorneys, hereby submit this Answer to the Complaint of Plaintiff Collabo Innovations, Inc. ("Collabo" or "Plaintiff"). Qualcomm further asserts its defenses and counterclaims.

Qualcomm denies that it infringes or has infringed any valid and enforceable patent rights at issue in this action. Qualcomm further denies any liability to Plaintiff, or that Plaintiff has suffered any legally cognizable damage for which Qualcomm is responsible. The responses below reflect the current status of Qualcomm's knowledge and belief regarding the subject matter of the allegations to which they respond. Qualcomm reserves the right to supplement, modify, and/or amend its responses, defenses, and add counterclaims through its discovery responses, expert disclosures, and presentation of evidence based on any additional facts or developments that become available or that arise after the filing of this Answer.

Except as expressly admitted below, Qualcomm denies each and every allegation averred in the Complaint, including without limitation the headings, sub-headings, and diagrams contained in the Complaint. Any admissions herein are for the purposes of this matter only. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts. Qualcomm responds to the numbered paragraphs of the Complaint as follows. The paragraph numbering in these responses corresponds to the numbered paragraphs in the Complaint. Subject to the foregoing, Qualcomm states as follows:

## THE PARTIES

1. Qualcomm is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 1 of the Complaint, and therefore denies them.

2. Qualcomm admits that Qualcomm Incorporated is a corporation organized and existing under the laws of the State of Delaware. Qualcomm admits that Qualcomm Incorporated has an office located at 9600 N. Mopac, Suite 900, Stonebridge Plaza II, Austin, Texas 78759 and 13929 Center Lake Drive, Parmer Building 1 Austin, Texas 78753. Qualcomm admits that Prentice Hall Corp System, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701, is a registered agent for service for certain purposes. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 2 of the Complaint.

3. Qualcomm admits that Qualcomm Technologies, Inc. ("QTI") is a corporation organized and existing under the laws of the State of Delaware. Qualcomm admits that QTI has an office located at 9600 N. Mopac, Suite 900, Stonebridge Plaza II, Austin, Texas 78759 and 13929 Center Lake Drive, Parmer Building 1, Austin, Texas 78753. Qualcomm admits that Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at

211 E. 7th Street, Suite 620, Austin, Texas 78701, is a registered agent for service for certain purposes. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 3 of the Complaint.

4. Qualcomm admits that QTI is a wholly-owned subsidiary of Qualcomm Incorporated. Qualcomm admits that Qualcomm CDMA Technologies Asia-Pacific Pte Ltd is a wholly-owned subsidiary of Qualcomm Global Trading Pte Ltd., a corporation organized and existing under the laws of Singapore, which is itself a wholly-owned subsidiary of QTI. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 4 of the Complaint.

5. Qualcomm admits that, at least as of the date of this Answer, its website states that "[r]eferences to 'Qualcomm' may mean Qualcomm Incorporated, or subsidiaries or business units within the Qualcomm corporate structure, as applicable" and that "Qualcomm Technologies, Inc., a subsidiary of Qualcomm Incorporated, operates, along with its subsidiaries, substantially all of our engineering, research and development functions, and substantially all of our products and services businesses, including our QCT semiconductor business." Qualcomm denies the remaining allegations and characterizations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Qualcomm admits that Collabo had filed an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. Qualcomm admits that this Court has subject matter jurisdiction for Plaintiff's infringement claim under 28 U.S.C. § 1331 and 1338(a) only.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm admits that, as of at least the date of this answer, it has offices located at 9600 N. Mopac, Suite 900, Stonebridge Plaza II, Austin, Texas 78759 and 13929 Center Lake Drive, Parmer Building 1, Austin, Texas 78753. Qualcomm does not contest that this Court has personal jurisdiction over Qualcomm Incorporated and Qualcomm Technologies, Inc. for purposes of this case. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm admits that Texas Civil Practice and Remedies Code § 17.042 states that "In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident: (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents directly or

through an intermediary located in this state, for employment inside or outside this State." Qualcomm further admits that its website includes a careers page that provides job postings, including postings where Texas is identified as a job posting location. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 12 of the Complaint.

13. Qualcomm admits that jobs at Qualcomm appear on LinkedIn. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 13 of the Complaint.

14. Qualcomm admits that it has a LinkedIn business page. Qualcomm admits that LinkedIn generates a metric called "associated members." Qualcomm denies the remaining allegations and characterizations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 15.

## THE ASSERTED PATENTS

16. Qualcomm admits that U.S. Patent No. 7,930,575 B2 ("the '575 Patent" or "the Asserted Patent") is titled "Microcontroller for Controlling Power Shutdown Process," and was issued by the United States Patent and Trademark Office on April 19, 2011. Qualcomm admits that Yukari Suginaka, Toshifumi Hamaguchi, Yoshitaka Kitao, and Sinya Muramatsu are listed as named inventors of the Asserted Patent. Qualcomm admits that there is a record in the United States Patent and Trademark Office ("USPTO") database of an assignment of the '575 Patent to Collabo. Qualcomm is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 16 of the Complaint, and therefore denies the allegations and characterizations.

17. Qualcomm is currently without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations contained in Paragraph 17 of the Complaint, and therefore denies the allegations and characterizations.

## DEFENDANT'S PRE-SUIT KNOWLEDGE OF ITS INFRINGEMENT

18. Qualcomm admits that on September 12, 2024, it received a letter purporting to be sent by Wi-LAN Inc. stating that "According to our initial investigation, at least Claim 1 of U.S. Patent No. 7,930,575 B2 is infringed by Qualcomm devices with RPM/SPM-based power management and the low power state with power collapse, such as Qualcomm Snapdragon 4 Series[,] Qualcomm Snapdragon 6 Series[,] Qualcomm Snapdragon 7 Series[,] Qualcomm Snapdragon 8 Series." Qualcomm denies the remaining allegations and characterizations contained in Paragraph 18 of the Complaint.

## COUNT I

19. In response to Paragraph 19, Qualcomm incorporates its responses to Paragraphs 1 through 18 as if fully set forth herein.

20. Qualcomm admits that Collabo has filed an action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §§ 271, et seq. Qualcomm denies the remaining allegations and characterizations contained in Paragraph 20.

21. Qualcomm admits that there is a record in the USPTO database of an assignment of the '575 Patent to Collabo. Qualcomm is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and characterizations contained in Paragraph 21, and therefore denies them.

22. Qualcomm denies the allegations and characterizations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 42.

43. Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 43.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 44.

## CONCLUSION

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 45.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Qualcomm denies the allegations and characterizations contained in Paragraph 46.

## JURY DEMAND

Plaintiff's Jury Demand is a demand, not an allegation, and does not require admission or denial. Qualcomm demands a jury trial for all issues triable to a jury.

## RESPONSE TO PRAYER FOR RELIEF

The remaining allegations are part of a prayer for relief that do not require admissions or denials by Qualcomm. Qualcomm denies that Plaintiff is entitled to the relief sought against Defendants in its Prayer for Relief and accompanying Paragraphs (i)–(vii) of the Complaint or any relief at all for the allegations relating to Defendants made in the Complaint. Based on its denials of the allegations in the Complaint, Qualcomm prays that the Court dismiss the Complaint in its entirety with prejudice, that Plaintiff not be awarded any of the relief, recovery or damages sought in its Prayer for Relief, and that the Court deem this case exceptional and award Defendants all costs and fees in this action, including without limitation Defendants' attorneys' fees and expenses.

## QUALCOMM'S DEFENSES

Subject to the responses above, Qualcomm asserts the following defenses. In asserting these defenses, Qualcomm does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on Plaintiff. Qualcomm reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery, and expressly reserves the right to supplement, modify and/or amend its Answer to assert such additional defenses.

## FIRST DEFENSE
### (Non-Infringement)

Qualcomm does not directly infringe, indirectly infringe, contribute to infringement, or induce infringement of any valid or enforceable claim of the Asserted Patent, either literally or under the doctrine of equivalents, willfully or otherwise, as set forth in 35 U.S.C. § 271 and/or any other applicable statutory provisions of Title 35 of the United States Code.

## SECOND DEFENSE
### (Invalidity)

The asserted claims of the Asserted Patent are each invalid for failure to meet the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116, 256, and/or any other applicable statutory provisions of Title 35 of the United States Code.

## THIRD DEFENSE
### (Express or Implied License)

On information and belief, Plaintiff's claims against Qualcomm are barred because Qualcomm, or a party Qualcomm is alleged to induce or contribute to the infringement of, is licensed, expressly or implied, under the Asserted Patent.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

Plaintiff is estopped from construing any claim of the Asserted Patent to be infringed or to have been infringed, either literally or under the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Qualcomm in view of the prior art and/or because of admissions, representations, and/or statements made to the USPTO during prosecution of any application leading to the issuance of the Asserted Patent or any related patent or any post-grant proceeding concerning the validity of the Asserted Patent; because of disclosure or language in the specification of the Asserted Patent; and/or because of limitations in the claims of the Asserted Patent.

## FIFTH DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE
### (Unenforceability)

On information and belief, the Asserted Patent unenforceable against Qualcomm under the equitable doctrines of estoppel, waiver, implied waiver, laches, unclean hands, acquiescence, or other equitable doctrines.

## SEVENTH DEFENSE
### (Equitable Estoppel)

The Asserted Patent is unenforceable against Qualcomm under the equitable doctrine of estoppel at least because Collabo allegedly acquired the Asserted Patent in 2011 and waited thirteen years to initiate this litigation.

## EIGHTH DEFENSE
### (License; Exhaustion)

Plaintiff's claims for patent infringement are precluded in whole or in part: (i) to the extent that any accused products are imported by, sold by or to, offered for sale by, made by, made for, used by, or otherwise supplied (directly or indirectly) by or to any entity or entities having express or implied licenses to Asserted Patent; (ii) under the doctrine of patent exhaustion; and/or (iii) any doctrine precluding double recovery for claims of infringement attributable to the same device.

### NINTH DEFENSE
### (Damages, Costs, and 35 U.S.C. §§ 286, 287, and/or 288)

The relief requested in the Complaint is barred due to the failure by Plaintiff to satisfy all of the conditions precedent to bringing this action. Plaintiff is not entitled to damages, costs, fees, or any other kind of relief because there has been no infringement of the Asserted Patent, the Asserted Patent is invalid, Plaintiff has suffered no harm, and the balance of equities weighs against granting Plaintiff any relief. Plaintiff's claims for relief are also barred or, at least, limited by 35 U.S.C. §§ 286, 287, and/or 288. Plaintiff's claims for damages and/or costs are barred or limited, in whole or in part, pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint. Moreover, to the extent that Plaintiff and any predecessors in interest, or any licensees to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Qualcomm's actions allegedly infringe the Asserted Patent, Qualcomm is not liable to Plaintiff for the acts alleged to have been performed before Qualcomm received actual notice that it was allegedly infringing the Asserted Patent.

### TENTH DEFENSE
### (Not an Exceptional Case)

Qualcomm's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## ELEVENTH DEFENSE
### (Willful Infringement Is Inappropriate)

Qualcomm has not willfully infringed any claim of the Asserted Patent.

## TWELFTH DEFENSE
### (Government Sale)

Under 28 U.S.C. § 1498, Qualcomm is not liable to the extent the accused products were used or manufactured by or for the United States.

## RESERVATION OF DEFENSES

Qualcomm reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, Qualcomm Technologies, Inc. through counsel, hereby assert the following Counterclaims against Counterclaim-Defendant Collabo Innovations, Inc. ("Collabo" or "Counterclaim-Defendant") and, in support of thereof, allege the following:

## THE PARTIES

1. Counterclaim-Plaintiff Qualcomm Technologies, Inc. is a wholly-owned subsidiary of Qualcomm Incorporated, and is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5775 Morehouse Dr., San Diego, California 92121.

2. On information and belief, Counterclaim-Defendant Collabo Innovations, Inc. is a Delaware corporation with a principal place of business in Plano, Texas 75024.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq. and 28 U.S.C. §§ 1331, 1332, 1367, and/or 1338. This Court accordingly has jurisdiction over these counterclaims.

4. There is a substantial, immediate, and real dispute that warrants a declaratory judgment.

5. The Court has personal jurisdiction over Collabo at least because Collabo has submitted to the personal jurisdiction of this Court by filing its own Complaint here.

6. Venue for these Counterclaims is proper in this District for Collabo because Collabo consented to the propriety of venue in this District by filing its Complaint here.

## FIRST COUNTERCLAIM
**(Declaration of Non-Infringement of U.S. Patent No. 7,930,575)**

7. Qualcomm Technologies, Inc. restates, re-alleges, and incorporates by reference each of the allegations set forth above as if fully set forth herein.

8. Collabo claims to be the owner of all rights, title, and interest in the '575 Patent.

9. Collabo has alleged that Qualcomm Technologies, Inc. infringes one or more claims of the '575 Patent, and has created a substantial, immediate, and real controversy between the parties as to the infringement of the '575 Patent.

10. Qualcomm Technologies, Inc. has not and does not infringe any claim of the '575 patent directly, indirectly, contributorily, by inducement, literally or under the doctrine of equivalents, or in any other manner, at least because, by way of non-limiting example, Qualcomm Technologies, Inc.'s accused products do not satisfy one or more limitations of claim 1 of the '575 patent.

11. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Qualcomm Technologies, Inc. respectfully requests the declaration of the Court that Qualcomm Technologies, Inc. does not infringe and has not infringed any claim of the '575 Patent.

## SECOND COUNTERCLAIM
**(Declaration of Invalidity of U.S. Patent No. 7,930,575)**

12. Qualcomm Technologies, Inc. restates, re-alleges, and incorporates by reference each of the allegations set forth above as if fully set forth herein.

13. The asserted claims of the '575 Patent fail to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 et seq., including at least 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of non-limiting example, at least claim 1 of the '575 Patent is rendered obvious under 35 U.S.C. § 103 by the MSM7500 in view of U.S.

Patent No. 7,293,183 (Lee) or by U.S. Patent No. 7,293,183 (Lee) in view of U.S. Patent No. 7,664,970 (Jahagirdar).

14. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Qualcomm Technologies, Inc. respectfully requests the declaration of the Court that the asserted claims of the '575 Patent are invalid and fail to comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully asks this Court for the following relief:

A. A judgment dismissing Collabo's Complaint against Defendants with prejudice;

B. A judgment in favor of Defendants on all of its Defenses;

C. A judgment in favor of Qualcomm Technologies, Inc. on each of its Counterclaims;

D. A judgment denying any relief whatsoever that favors Collabo;

E. A judgment that Defendants has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Asserted Patent;

F. A judgment that the Asserted Patent is invalid;

G. A judgment that this action is exceptional within the meaning of 35 U.S.C § 285 and that Defendants are entitled to recover its reasonable attorney's fees upon prevailing in this action;

H. An award to Defendants of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

I. A judgment limiting or barring Collabo's ability to enforce the Asserted Patents in equity; and

J. Such other and further relief as this Court may deem just and proper.

Date:  June 12, 2025               Respectfully submitted,

                                                     /s/ *Anjupam Sharma*
Deron R. Dacus
State Bar No. 00790553
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543
ddacus@dacusfirm.com

Anupam Sharma
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
(650) 632-4709
asharma@cov.com

Richard L. Rainey
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-5565
rrainey@cov.com

*Attorneys for Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

                                                       /s/ *Anupam Sharma*
                                                       Anupam Sharma