IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| COLLABO INNOVATIONS, INC., a Delaware Corporation,<br><br>    Plaintiff<br><br>v.<br><br>QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC., both Delaware Corporations,<br><br>    Defendants | CIVIL ACTION NO. 6:24-cv-00472-ADA |

### ORDER REGARDING DISCOVERY DISPUTE

On February 3, 2025, Plaintiff Collabo Innovations, Inc. and Defendants Qualcomm Incorporated and Qualcomm Technologies, Inc. submitted a discovery dispute to the Court. The parties' arguments were as follows:

**I.**     **Collabo's Position**

**Requested Relief:** Order that Qualcomm must produce John Han for deposition by February 20.

John Han is Senior Vice President (SVP) of QTL, a Qualcomm "business unit." https://www.qualcomm.com/news/onq/2023/04/licensing-the-risk-of-patent-portfolio-evaluation-shortcuts. He "is responsible for QTL's overall patent licensing business and strategic direction, including licensing negotiations … compliance, [and] enforcement …." *Id.* Qualcomm contends Han is an "apex" witness; he is not. Han is neither a C-suite member, nor listed as a company leader. *See* https://www.qualcomm.com/company#leadership. He is not even the head of the QTL business unit. *See id.*

1

Han's title "is insufficient to establish 'apex' status." *Canchola v. Allstate*, 2025 U.S. Dist. LEXIS 220838, at *9 (C.D. Cal. June 18, 2025). SVP is nowhere near the "apex" of Qualcomm. Indeed, Qualcomm uses the title to identify many employees responsible for day-to-day operations of focused business units. Qualcomm's document production identifies more than forty Qualcomm employees with the title SVP, and a LinkedIn search identifies more than eighty.

Further, the Court should permit Han's deposition because he has unique personal knowledge relevant to this matter, and Qualcomm has refused efforts to obtain relevant information through less-intrusive means. *See, e.g., Motion Games v. Nintendo*, 2015 U.S. Dist. LEXIS 179771 (E.D. Tex. Mar. 18, 2015). Han has the most complete knowledge of Qualcomm's licensing practices and policies, which are relevant to hypothetical negotiation and reasonably royalty determination. Indeed, he speaks publicly about "[Qualcomm's] approach to licensing." *See* https://www.qualcomm.com/news/onq/2023/04/licensing-the-risk-of-patent-portfolio-evaluation-shortcuts.

In addition to knowledge of Qualcomm's SEP licensing practices, Han has personal knowledge concerning Qualcomm's licensing of non-SEP patents, including patents on power management (at issue in this case). *See* https://www.qualcomm.com/content/dam/qcomm-martech/dm-assets/documents/qualcomm-5g-handset-licensing-program.pdf ("We also offer handset licenses covering … patents not essential …."). Qualcomm contends that it invested in "fundamental, enabling technology such as … power management," and that "licensing these fundamental innovations fuels [its] R&D engine." https://www.qualcomm.com/news/onq/2023/04/licensing-the-risk-of-patent-portfolio-evaluation-shortcuts.

Han also has unique personal knowledge regarding Qualcomm's licensing and enforcement of specific non-SEP patents related to power management. For instance, Qualcomm asserted non-standard-essential-patents concerning power management against Apple, including U.S. 8,063,674, which Qualcomm alleged "reduces the leakage of electrical current" and improves "detection of on/off states," thereby improving "processor performance while reducing power consumption" and "battery life." Complaint, 17-cv-2398 (S.D. Cal.). This is similar to the technology at issue here. Han was responsible for negotiating and resolving Apple's dispute with Qualcomm. *See* https://www.qualcomm.com/content/dam/qcomm-martech/dm-assets/documents/the-devil-is-in-the-detail-the-qualcomm-take-on-patent-licensing-iam.pdf.

Any burden is of Qualcomm's own making. Collabo offered to depose another witness with commensurate knowledge, but Qualcomm refused. Qualcomm also refused to provide a witness for licensing-related 30(b)(6) topics.

Qualcomm attempts to misdirect the Court by characterizing this dispute as largely about SEP licensing, misrepresenting the parties' meet-and-confer and overstating the Court's previous order (ECF 53). Although Collabo explained why it contends SEP licensing practices are relevant during meet-and-confer, Collabo also discussed Han's knowledge of non-SEP licensing. Finally, the Court did not categorically exclude discovery into Qualcomm's SEP licensing practices; indeed, the Court did not explain why it rejected Collabo's request for Customer Agreements.

## II.    Qualcomm's Position

**Requested Relief:** Deny Collabo's motion to compel the deposition of Qualcomm's Senior Vice President and General Manager John Han, issue a protective order barring Collabo from further irrelevant, burdensome and harassing discovery, and award fees and costs to Qualcomm

for forcing Qualcomm to respond to this motion and evading the meet-and-confer rules of this Court.

Mr. Han lacks information relevant to this one-patent NPE case, and Collabo's effort to depose him is improper because Qualcomm prevailed on the discoverability of any information Mr. Han possesses.

The Court rejected Collabo's attempts to obtain outbound wireless standard essential patent (SEP) licensing and "no license, no chips" discovery in its October Order (ECF 53). Because Mr. Han's primary responsibilities concern outbound SEP licensing, not the design, manufacture or sale of the Accused Products or other issues relevant to this litigation, there is no basis for Collabo to depose him.

During the parties' December 10 meet-and-confer, Collabo contended it noticed Mr. Han's deposition to elicit testimony about Qualcomm's SEP licensing practices and "no license, no chips" policy as relevant to the damages base, hypothetical negotiation, and evidence of U.S. sales and inducement. Qualcomm explained that the Court rejected such discovery as irrelevant.

Collabo now advances a new argument that, in addition to SEP licensing, Mr. Han has "unique personal knowledge regarding Qualcomm's licensing and enforcement of non-SEP patents related to power savings," citing a Qualcomm global patent license agreement with Apple and a single non-SEP asserted during a dispute between those parties (neither of which were discussed during the parties' meet-and-confer). The Qualcomm non-SEP titled "Multiple supply-voltage power-up/down detectors" has nothing to do with turning on and off power to the CPU or the accused functionality. Merely plucking one patent out of a broad agreement between operating companies that includes rights to both SEPs and non-SEPs highlights the irrelevance of that agreement.

As this Court considered in denying Collabo's October motion,

> The revenues Qualcomm receives from its patents is entirely separate from Qualcomm's chip sales at issue in this case.… That Qualcomm may not sell chips to third parties unless they also licensed Qualcomm's portfolio says nothing about the royalties Qualcomm would pay Collabo for Collabo's single hardware patent. Nor are the licenses part of the "damages base,"…
>
> Citing to Qualcomm's "no license, no chip" policy only acknowledges that Qualcomm has broad SEP portfolio licenses covering its own inventions, licenses courts have routinely found irrelevant.… Regardless, the SEP licenses are not contracts for the sale of Accused Products.

ECF 53 at 4–5.

Qualcomm produced multiple license agreements with patent-holders where Qualcomm chips were alleged to infringe, and Qualcomm has agreed to designate a corporate witness to testify about those agreements.

Since the Court's Order, Collabo has served Mr. Han's deposition notice, two interrogatories (24, 25) and two 30(b)(6) topics (48, 49) seeking discovery on Qualcomm's licensing practices. These are improper violations of the Court's Order.

Finally, depositions of high-level executives are appropriate where such individuals possess unique personal knowledge of the matter in the case. *See, e.g., Bucholz v. Crestbrook Ins. Co.*, No. 1:20-cv-449-RP, 2021 WL 3571277 (W.D. Tex. Aug. 11, 2021); *Sanchez v. Swift Transp. Co. of Ariz., L.L.C.*, No. 15-cv-15, 2016 WL 10589438 (Apr. 22, 2015). Qualcomm is not aware of any unique personal knowledge Mr. Han possesses concerning the subject matter of this litigation.

### III. The Court's Ruling

The Court has reviewed the discovery dispute chart submitted by the parties on February 3, 2024 regarding the deposition of John Han, the substance of which is produced above. The Court has determined that a hearing is not necessary and rules as follows:

**IT IS ORDERED** that Qualcomm must produce Mr. John Han for deposition lasting no more than 4 hours at a mutually convenient time.

**SIGNED** 02/05/2026.

*[signature]*
ALAN D ALBRIGHT
U.S. DISTRICT JUDGE